43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Billy O. CUMMINGS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 94-3402.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1994.
 
 Before MICHEL, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Billy O. Cummings petitions for review of the May 6, 1994 final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. Cummings v. Department of the Army, Docket No. SL-3443-94-0002-I-1. The initial decision of the administrative judge became the final decision of the Board when the full Board denied review. We affirm.
 
 DISCUSSION
 
 2
 This court must affirm the Board's decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 2) obtained without procedure required by law, rule or regulation having been followed, or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). We review de novo the Board's conclusion that it lacked jurisdiction. Vesser v. Office of Personnel Management, 29 F.3d 600, 603 (Fed.Cir.1994).
 
 
 3
 Cummings appealed to the Board from an employment position classification review by the Lexington Bluegrass Army Depot, where he is employed as a security guard, GS-12. The Board's jurisdiction is limited to those matters specifically delineated by Congress or granted to it by the Office of Personnel Management. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985). The Board has jurisdiction over reductions in grade and reductions in pay. 5 U.S.C. Sec. 7512 (1988 & Supp. II 1990). However, the Board has not been granted appellate jurisdiction over cases concerning the proper classification of an employment position. Saunders, 757 F.2d at 1290.
 
 
 4
 The Board has held, though, that a reduction in grade occurs where 1) an agency employee is reassigned from a position which, due to the issuance of a new classification standard, is worth a higher grade, 2) the employee meets the legal and qualification requirements for promotion to the higher grade, and 3) the employee is permanently reassigned to a position classified at a grade level lower than the grade level to which the employee would otherwise be promoted. Russell v. Department of the Navy, 6 M.S.P.R. 698, 711 (1981). This is known as a "constructive demotion." See Artmann v. Department of Interior, 926 F.2d 1120, 1122-23 (Fed.Cir.1991).
 
 
 5
 The Board dismissed Cummings' appeal after determining that the Agency did not reduce his grade because it never reassigned him from his original position and because he maintained the same grade level, job title, occupational code, step level, and salary at all times. The Board concluded that Cummings failed to establish, in line with Russell, that he had been reassigned from a position which was upgraded during a reclassification to a position at a lower grade level.
 
 
 6
 In essence, Cummings contends that he was the subject of a constructive demotion because the Agency effectively reduced his grade level from GS-13 to GS-12 by assigning to his position a new job description after the Agency adopted new job classification standards. Notwithstanding that Cummings has never been employed at a grade level higher than GS-12, he argues that his old job description would have qualified him for a GS-13 grade level under the Agency's newly adopted classification standards.
 
 
 7
 The contention is without merit. The fact remains that Cummings did not suffer a reduction in grade for purposes of the constructive demotion doctrine because he was never reassigned from his original position and because he maintained the same grade level (GS-12), job title, occupational code, step level, and salary at all times. Whether the Agency should have upgraded his position from GS-12 to GS-13 in light of new classification standards does not help Cummings. That is an issue over which the Board lacks jurisdiction.
 
 
 8
 Because the Board correctly held that Cummings failed to establish that he had been reassigned from a position which was upgraded during a reclassification to a position at a lower grade level, it did not err in dismissing his appeal for lack of jurisdiction.